Good morning, Your Honors. My name is David Zuckman. I represent Petitioner Tyrell Cannon. Your Honors, the issue in this case is not particularly difficult, and it's pretty clear that the District Court erred by dismissing Mr. Cannon's habeas petition because of the existence of Mr. Cannon's State pending habeas petition. The District Court relied on two cases from this Court, Sherwood v. Tompkins and Davidson v. Klingler. Both are rather old cases. They are pre-ADEPA cases, obviously. And they came about during a time when it made a lot of sense for a Federal habeas petition to be dismissed if there was the existence of a State habeas petition because, of course, a State habeas petition might ultimately end up giving the petitioner relief, thereby obviating the need for the petition to be dismissed. However, we're not in a pre-ADEPA world anymore. Now that Mr. Tyrell Cannon faces the strict time limits of ADEPA, it's clear that it was correct for him to file a protective petition within the meaning of the Supreme Court's case and pace in order to protect his rights so that any petition might be deemed untimely. Now, Mr. Cannon obviously is a different kind of litigant. The man has serious, serious, serious mental problems. And Your Honors are quite aware, having reviewed the briefs, that the claims he makes are difficult to understand. You know, they're poorly reasoned. However, they are exhausted. He did raise them in his petition to review to the California Supreme Court. So when the district court was presented with this petition, it wasn't a purely unexhausted petition. That would be the only way the government could get around this is to say, well, even if the district court thought that it had a mandatory obligation and that thought was incorrect, at least the petition itself was unexhausted. But even that's not true. I mean, Cannon does have a few claims which he presented to the California Supreme Court which are in his Federal habeas petition. What precisely are you asking in the way of relief from this Court? Well, I want you to reverse the decision of the district court. I want you to send the case back to the district court so the district court may evaluate exhaustion in the first instance. And certainly, there will be some claims that Mr. Cannon will either have to delete or go back to State court and exhaust before he can continue with his habeas petition. However, it's clear that the district court thought it was under a mandatory obligation to dismiss the petition because of the existence of this State petition. Now, I'm not here to disparage the district court. I mean, going through Mr. Cannon's filings is not the easiest thing in the world. And I could imagine a lot of reasons why a district court might look at this and say, this thing just doesn't belong in Federal court. However, given the strict limits of ADEPA, it's important that Mr. Cannon be given the opportunity to have a timely file Federal petition with some exhaustive claims and have the district court decide those on the merits. I'm not going to do that. Do you agree or disagree that if the case goes back to the district court, the district court should decide in the first instance whether there was a reasonable explanation or excuse for the failure to exhaust all of the claims in the State court? Well, it would be my position that they'd have to, that the district court would have to offer Mr. Cannon the opportunity to delete any claims that are putatively unexhausted. It's not the case that it's not just a strict, you know, Rose situation where you have a mixed petition and then you just get rid of it. You have to sell a petitioner. These claims are unexhausted. You can delete them if you want. You can ask for stained abeyance. My guess is the district court wouldn't grant an assistance. But certainly, it's got to give him the opportunity. On what basis are you representing this petitioner? Are you appointed or? Oh, yeah. I'm appointed by the court. By this court. By this court. Now, if this goes back. You know, I've had this situation before. I've had a couple of remands, and it's not clear whether I would stay on or not. Some district courts have kept me on. Some have not. And I think my guess, I'm just speculating, of course, is that the district court probably wouldn't keep me on in this instance and would let Mr. Cannon. I mean, he does have some exhausted claims. Without going to the merits of the claims, they are exhausted. So I think that it was a mistake for the district court to dismiss the case. That's my argument. It's not particularly complicated. So unless the panel has any other questions, thank you. Thank you. Thank you. May it please the Court, Donald DeNicola for appellee. Here, the Petitioner presented for adjudication, not for stay, but for adjudication a Federal petition while he was still pursuing his State remedies in State court. He never asked for a stay to protect him from any unreasonable risk of losing his claims under the statute of limitations. And he was not under any appreciable risk either, because he presented the petition even before the one-year statute of limitations had even begun to run. And in the end, even after the State court dismissed his State petition, he still had more than five months remaining to come back to file the Federal petition. That may be, but isn't it quite clear that the district court in this case, pre-Rine, thought it was mandatory, and Rine says it's not? There's a different rubric now. So why isn't it appropriate to kick it back, let you make these arguments to the district court? Well, I don't think Rine's is closely on point enough to undermine the authoritative effect of Sherwood and Davidson and Schnepp, because this is a very different situation. In the Sherwood-Davidson rule requires dismissal, and the district court followed it. In Rine's, you were dealing with, again, the risk of unreasonably cutting off the Petitioner's time to file. Rine's referred to the interest in not unreasonably impairing the Petitioner's right to obtain Federal habeas relief. But here, the Petitioner had one year. He made no request for this day, so there was no occasion for the district judge to exercise any discretion. So when did Rine's come down? It came down after the ---- Rine's came down on March 30, 2005, so it was after what the district judge did in this case. So the district court has never looked at this? Had never looked at Rine's. Right. Right. And he was in these proceedings before the district court, he appeared pro se? Yes. Yes, Your Honor. Is this the first time in this phase of the case that he's had counsel representing him? Yes, I believe it is. I believe it is. But nevertheless, there's no obligation to ---- I think if the Sherwood rule is in effect, the district court can mandatory ---- it's mandatory for the district court to dismiss. And I'm ---- and in my view, Rine's doesn't really undermine that in a case like this. Rine's also suggests that if there were a stay in abeyance, there would be a 30-day ---- it doesn't say a rule that there'd be a 30-day limit on the return from state court, but it seems to cite that with approval. And here, even after the state court denied the stay petition in June of 2005, Rine's would have had almost five months to come back to state court. So I don't think any of the interest that Rine's talks about are really implicated here. Indeed, insofar as Rine's talks about the predicament of a petitioner who doesn't know when the federal court is going to rule on the petition, and so that his time may be frittered away if the federal court waits too long. I mean, here he filed the petition on October the 12th. The federal judge ruled on the petition and dismissed it on October the 20th. So there really ---- the concerns, I think, that prompted the Rine's opinion never came to fruition here because the federal judge gave him the ultimate ruling on the petition probably even earlier than he would have given him a ruling on stay and abeyance if it had been requested. Jefferson v. Budge, which was cited by the appellant in a letter brief, I think is different because simply in Jefferson v. Budge, it was a mixed petition situation. And by ruling and dismissing a petition in one fell swoop on the same day, the petitioner never had an opportunity to amend or to seek amendment. But there's nothing in Jefferson v. Budge that suggests that the state, that the district judge had an obligation to explain these possibilities to the petitioner. In fact, Plyler v. Ford, I think, pretty much well refutes that. And in terms of whether or not this petitioner was incompetent, the state judge made a ruling that he was competent. That ruling is a factual determination that's entitled to presumption of correctness. There's no clear and convincing evidence in this record that indicates that Rine's, in fact, was incompetent. I mean, even if you could argue that there was a doubt, you can't say that this case shows by clear and convincing evidence that he, in fact, was incompetent because it shows that he was well able throughout the entire trial to avail himself of his, of the trial rights and that he certainly understood the nature of the proceedings against him and was able to assist in his defense. Thank you. With respect to the stay-in-abeyance procedures, the district court kicked the case so quickly, there was never an opportunity for Mr. Cannon to even ask for it because he filed his petition and the next thing he received was an order dismissing it. So stay-in-abeyance never came up. And with respect to whether it would be timely, it would be untimely now. If Mr. — if you dismiss this case or if you affirm the district court, Mr. Cannon can't go back to Federal court because the statute of limitations is now run. So it's not correct to say that, you know, this untimeliness issue is now right. Thank you, Your Honors. Thank you. Thank you. Good argument on both sides. We appreciate the arguments. The case just argued is submitted. We'll hear the next case, which is United States v. Adjana. Thank you.
judges: Schroeder, Friedman , Fisher